[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 10-11412, 10-11414,
10-11415, 10-11416
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 5:09-cr-00031-HL-CWH-1, 5:09-cr-00067-HL-CWH-1,
5:09-cr-00069-HL-CWH-1, 5:09-cr-00073-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD WILLIAM WILLIS, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(April 12, 2011)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Leonard William Willis, Jr. appeals his 300-month sentence after pleading guilty to eight counts of bank robbery, in violation of 18 U.S.C. § 2113(a). During each robbery, Willis either told the teller that he had a gun or acted as if he had a gun. Willis stole nearly $40,000 in total. After the eighth robbery, Willis fled from the police in his truck and a high-speed chase ensued on the interstate. After the police disabled his truck, Willis did not comply with the officers' instructions to surrender, and they were forced to tase him to ensure their own safety. During Willis's subsequent incarceration, but before entering his guilty plea in this case, he assaulted a prison official, locked the official in his cell, stole the official's keys and taser, and attempted to tase two other prison officials while trying to escape.

Willis argues for the first time on appeal that the district court violated Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure by failing to "verify that the defendant and the defendant's attorney have read and discussed the presentence report [PSI] . . . ."[1] While the district court did not specifically verify that defense counsel had read and discussed the PSI with Willis, the court did verify that defense counsel discussed the guideline calculations with Willis. Moreover, the

---

[1]  Because Willis raises this argument for the first time on appeal, we review it for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity of public reputation of judicial proceedings." Id. at 1019 (quotation marks and alteration omitted).

record reflects that defense counsel was very familiar with the PSI and conferred with Willis regarding how to proceed at the sentencing hearing. And Willis does not explain how he was prejudiced by the court's alleged violation of Rule 32(i)(1)(A). Thus, even assuming arguendo that the district court committed plain error, Willis has not shown that it affected his substantial rights.

Wills next argues that his sentence was unreasonable because the court did not articulate a sentencing rationale, failed to consider his mitigating arguments, and imposed a sentence greater than necessary.[2] Willis's arguments, however, are belied by the record. In addition to stating that it considered the PSI and the factors in 18 U.S.C. § 3553(a), the court explained that it was imposing a sentence above the guideline range because: Willis had a serious criminal history; the Guidelines did not adequately account for the number and violent nature of the robberies, or the high-speed chase that ensued after the final robbery; and Willis subsequently assaulted a prison official in an attempt to escape. All of these reasons are supported by the record, and we find the court's explanation adequate. There is also nothing in the record to support Willis's assertion that the court did not consider his arguments in mitigation, namely that he had drug-addiction

---

[2] We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the factors in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

3

problems and was previously a good worker.  See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  Nor do we find that the court committed a clear error of judgment in weighing the § 3553(a) factors.  See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).  Accordingly, Willis has not shown that the district court abused its discretion, and we therefore affirm his sentence.

**AFFIRMED.**